UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

T.S., mother and natural guardian of J.D., and T.S.,
individually,

**ANSWER**

Plaintiff,

-against-

21-CV-2902 (LGS)

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

Defendants.

------------------------------------------------------------------------x

The City of New York and the New York City Department of Education ("DOE"), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for their Answer to Plaintiffs' Complaint dated March 29, 2021 (ECF No. 1), respectfully allege as follows:

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the City of New York is a municipal corporation formed under the laws of the State of New York, and respectfully refer the Court to the New York City Charter for a complete and accurate statement of the organization, functions, and authority of the City of New York, and to Article 52-A of the New York State Education Law for a complete and accurate statement of the powers and duties of DOE.

4.   Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the parties' entered into a stipulation, and that the stipulation became fully executed on or about November 13, 2020, and further admit that Plaintiffs purport to proceed as stated therein.

5.   Admit the allegations set forth in paragraph "5" of the Complaint.

6.   Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

7.   Admit the allegations set forth in paragraph "7" of the Complaint.

8.   Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiffs purport to lay venue as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit, upon information and belief, that the Student attended the Shefa School during the school years at issue in the underlying proceedings.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that the City of New York is a municipal corporation, and respectfully refer the Court to the New York City Charter for a complete and accurate statement of the organization, functions, and authority of the City of New York, and to Article 52-A of the New York State Education Law for a complete and accurate statement of the powers and duties of DOE.

13. Admit the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit that, during the 2019-2020 school year, J.D. (the "Student") was a third-grade student, and further admit that the Student has been classified as a student with educational disabilities.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that Defendants have funded certain evaluations for the Student and were provided copies of the evaluation reports.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that the due process complaint was filed on behalf of Plaintiffs, and respectfully refer the Court to the due process complaint cited therein for a complete and accurate statement of its contents.

20. Admit the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that the parties' stipulation became fully executed on or about November 13, 2020.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that, on or about March 1, 2021, DOE issued a partial tuition payment pursuant to the parties' settlement agreement, and affirmatively aver that, on or about April 12, 2021, DOE issued a second and final tuition payment under the settlement agreement, thus satisfying its obligations under that agreement.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that a copy of a decision issued in *L.V.* was provided to Ms. Fraser, and respectfully refer the Court to the decision cited therein for a complete and accurate statement of its holdings.

30. The Complaint does not contain a paragraph "30."

31. Defendants repeat and reallege each and every response to paragraphs "1" through "29" of the Complaint as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint, and respectfully refer the Court to the amendment cited therein for a complete and accurate statement of its provisions.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

## AS AND FOR A FIRST DEFENSE:

41. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

42. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD DEFENSE:

43. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice.

## AS AND FOR A FOURTH DEFENSE:

44. Plaintiffs' claims are moot, in whole or in part.

## <u>AS AND FOR A FIFTH DEFENSE:</u>

45. Plaintiff is not entitled to an award of fees and/or costs. In the alternative, the hours billed, rates charged, and expenses billed by Plaintiffs' counsel are not reasonable.

Dated:        New York, New York
              August 2, 2021

                                        **GEORGIA M. PESTANA**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, 2nd Floor
                                        New York, New York 10007
                                        (212) 356-0885
                                        cthomas@law.nyc.gov


                            By:    _____/s/_____
                                        Copatrick Thomas
                                        Assistant Corporation Counsel


To:     Attorney for Plaintiffs (via ECF)